1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
10              EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  CHARLES T. DAVIS, | Case No. 1:14-cv-01554 LJO DLB PC |
| 13          Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CLAIMS AND DEFENDANTS |
| 14       v. | |
| 15  A. MOLINA, et al., | THIRTY-DAY DEADLINE |
| 16          Defendants. | |

17
18          Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil action

19   pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action in the Fresno County Superior Court on June

20   13, 2013.  On October 2, 2014, the case was removed to this Court.  Plaintiff names Correctional

21   Officer A. Molina, Physician Assistant R. Wilson, Sergeant Hosman, Assistant Warden J. Buckley,

22   and R. Pimentel as Defendants.  On August 3, 2015, the Court screened the complaint and

23   determined that Plaintiff stated a cognizable claim of retaliation in violation of the First Amendment

24   against Defendant Molina.  The Court determined that Plaintiff failed to state any other claim against

25   any other Defendant.  Plaintiff was given an opportunity to file an amended complaint, or notify the

26   Court of his willingness to proceed only on the cognizable claim.  On August 24, 2015, Plaintiff

27   filed objections to the order and stated his intention to stand on the initial complaint.

28

1

1

2

**A.      SCREENING REQUIREMENT**

3      The Court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

9   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

10   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11      A complaint must contain "a short and plain statement of the claim showing that the pleader

12   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

13   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

14   do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

15   550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

16   'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual

17   allegations are accepted as true, legal conclusions are not.  Id.

18      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

19   federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

20   (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

21   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or

22   omissions of each named defendant to a violation of his rights; there is no respondeat superior

23   liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

24   1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

25   Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

26   for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

27   The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.

28   at 678; Moss, 572 F.3d at 969.

**B.**     <u>SUMMARY OF PLAINTIFF'S ALLEGATIONS</u>

Plaintiff is currently housed at California State Prison – Los Angeles.  He was housed at Pleasant Valley State Prison in Coalinga, California, when the events giving rise to this action took place.

Plaintiff alleges the following.  On August 25, 2011, Plaintiff responded to a medical ducat as required under Cal. Code of Regs., tit. 15, section 3014, and informed the officer on duty at the medical clinic that he did not want to see the doctor that day because he had previously been hurt by a physician in that specific clinic during his physical exam and did not want to go through it again. In addition, Plaintiff had a conflicting engagement in the law library.  As a result, Plaintiff signed a refusal of treatment form CDC-7225 which was delivered to the on-duty physician assistant, Defendant Wilson.  Despite Plaintiff's refusal, Defendant Wilson ordered Defendant Molina to physically force Plaintiff into a hospital setting.

Plaintiff informed Defendant Molina that he had refused medical care, that he had turned in a CDC-7225 refusal form, and that he did not want to see the doctor or be retained in a medical setting.  Over Plaintiff's objections, Defendant Molina made an implied threat of physical violence against him by grabbing Plaintiff's wheel chair and stating at the same time, "You can go to the doctor, or I will put the yard down; you choose."  Defendant Molina then pushed Plaintiff in his wheelchair to the medical clinic.  Plaintiff stated he intended to file a complaint of misconduct against Defendant Molina and Wilson because they could not force him to see a doctor or receive medical treatment pursuant to Cal. Code of Regs., tit. 15, section 3351(a)-(b).  Defendant Molina responded that if Plaintiff filed a complaint, he would also write a complaint by issuing a CDC-128 chrono.  As he pushed Plaintiff into Defendant Wilson's office, he advised Wilson that he would be writing Plaintiff up.

Plaintiff filed a formal appeal, but the appeals office refused to process it.  Plaintiff sought relief in the state court in order for the appeal to be processed.  In response to the state court order, Defendant Molina submitted a written CDC-128 information chrono which admitted he would file a complaint against Plaintiff for exercising his First Amendment right to petition the government for redress of his grievance.

Defendant Wilson and Molina falsely imprisoned Plaintiff in the medical clinic to force unwanted treatment on Plaintiff against his will.  Plaintiff states there was no legitimate penological interest for doing so since Plaintiff was competent to refuse treatment or to be taken to a medical clinic.

Plaintiff had an interview with Defendant Molina's supervisor, Defendant Hosman, on March 21, 2012.  Defendant Hosman took Plaintiff to the unit office where he shut the door.  Defendant Hosman stated he had read the appeal and asked Plaintiff what he wanted because Defendant Molina had retaliated against him.  Plaintiff stated he would settle for $51,000.00, and Defendant Hosman responded that this was above his pay grade.  Plaintiff then told him to just provide him with a clear flat-screen TV the next day and he would withdraw the appeal.  When Plaintiff next saw Defendant Hosman, he asked him about the TV and Hosman responded that he couldn't do it.  Plaintiff states inmate Smith overheard the conversation between Plaintiff and Hosman.

When the second level response came back from Defendant Buckley, Plaintiff requested that if they were not going to honor the agreement which he had relied upon, then at least they could make all the necessary recommendations to the Government Claims Board for the $100,000.00 civil fine.  Plaintiff informed the third level of review that this was intrinsic fraud, and Defendants Hosman and Buckley conspired and covered-up the violation of his First Amendment rights by Defendant Molina.  Defendant Buckley stated that Defendant Molina did not falsely imprison Plaintiff or violate CDCR policy.  Buckley stated that according to Medical Services Policies and Procedures, if the inmate refused treatment after being medically ducated, custody staff must escort the inmate-patient to the health care area for health care staff to discuss the implications of refusing treatment.

Defendant Pimentel was supplied with a copy of the information chrono authored by Defendant Molina. The appeal was denied.  Plaintiff then filed hundreds of complaints with Defendant Pimentel.  His complaints were ignored or denied as unsubstantiated, unfounded, exonerated or closed in some other manner.

Plaintiff is seeking compensatory and punitive damages from each Defendant.  He is seeking

4

injunctive relief, or declaratory relief, proscribing the CDCR's sub rosa, ongoing de facto, systematic custom and policy of failing to admit wrong-doing.  He is further requesting that civil fines be imposed on Defendants.

**C.    DISCUSSION**

     1.    Retaliation

     "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

     Plaintiff alleges that in retaliation against him for filing a complaint, Defendant Molina threatened to file a CDC-128-C-Chrono against him.  Plaintiff states that Defendant Molina expressly admitted he would file a CDC-128-C-Chrono against him if he exercised his right to file an appeal.  Plaintiff states he filed an appeal and Defendant Molina then filed a CDC-128-C-Chrono as he had threatened.  This allegation suffices to state a claim against Defendant Molina for retaliation in violation of the First Amendment.

     Plaintiff seeks to impose liability on Defendant Wilson for his actions; however, Plaintiff fails to state that Defendant Wilson took any adverse action in retaliation for Plaintiff's protected conduct.

     a.    Supervisor Liability

     Plaintiff seeks to impose liability on Defendants Hosman and Buckley for their actions as supervisors.  Sergeant Hosman was Defendant Molina's immediate supervisor.  Defendant Buckley was the associate warden at the institution, and he denied Plaintiff's appeal at the Second Level of Review.  Plaintiff's allegations against Hosman establish that Hosman was aware of the retaliation

5

and that he attempted to resolve Plaintiff's complaints, to no avail. Plaintiff's allegations against Buckley establish that Buckley denied his appeal at the Second Level of Review. Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff claims that Defendants Hosman and Buckley knew of Defendant Molina's unlawful retaliatory conduct, yet allowed him to carry out his retaliatory behavior. Plaintiff claims that Defendants Hosman and Buckley acted with deliberate indifference to Plaintiff's First Amendment rights by failing to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir.1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff contends that Hosman and Buckley instead gave assistance and encouragement to Defendant Molina in committing his retaliatory act by misrepresenting Molina's admission and by providing false appeal responses.

The Court concludes that the allegations in the complaint set forth a claim of supervisor

liability against Defendant Hosman, because Hosman allegedly admitted he knew Molina's actions were unlawfully retaliatory, but he did nothing to correct it and went so far as to approve of it. However, the Court concludes that the complaint fails to allege a claim for supervisory liability against Defendant Buckley insofar as the allegations establish only that Buckley reviewed the appeal at the Second Level of Review.  Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation.  <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

### 2.    Inmate Appeal Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).

Here, Plaintiff claims that Defendant Pimentel's actions in processing his appeal denied his constitutional rights.  As Plaintiff does not have a protected liberty interest in the processing of his appeals, he fails to state a claim against Defendant Pimentel for his involvement.

### 3.    Claims arising under California Law

As an initial matter, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public entity or employee unless he has presented a written claim within six months of accrual of the action. <u>See</u> Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir.1995). This requirement applies to all tort claims seeking money damages, including claims under Cal. Civ.Code § 52.1. <u>See</u> <u>Williams v. City of Antioch</u>, 2010 WL 3632199, at *4 (N.D.Cal. Sept.2, 2010). In addition to complying with the claims presentation procedure, a plaintiff is obligated to plead compliance with the Act. <u>State v. Superior Court (Bodde)</u>, 32 Cal.4th 1234, 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116, (2004).  Failure to so plead equates to a failure to state a claim under California

law. Id.   Here, Plaintiff alleges he timely presented a claim to the Victim Compensation and Government Claims Board which was denied.   Thus, Plaintiff pleads compliance with the CTCA, and may pursue tort claims against the County and its employees.

         a.        False Imprisonment

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'"   Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).   The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'"   Young v. County of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting Easton v. Sutter Coast Hospital, 80 Cal.App.4th 485, 496 (Ct. App. 2000)).   Plaintiff fails to state a false imprisonment claim because Plaintiff is a convicted prisoner, and the events described by Plaintiff in this action do not give rise to a cognizable tort claim for false imprisonment.

         b.        Fraud

The elements of fraudulent misrepresentation under California law are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages.   Okun v. Morton, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988).   All elements must be present and the absence of any one element is fatal to recovery.   Id.

Plaintiff alleges that Defendant Hosman committed fraud in promising him a flat-screen TV if he withdrew his appeal even though he knew the promise was false.   Plaintiff fails to establish that Defendant Hosman knew his representation was false.   In addition, Plaintiff does not state that he took any action, i.e., withdrew his appeal, in reliance upon the alleged misrepresentation.   Finally, he does not demonstrate that he suffered any damage as a result of the alleged misrepresentation.   Accordingly, Plaintiff fails to state a claim of fraud against Defendant Hosman.

         c.        Conspiracy

Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the

immediate tortfeasors a common plan or design in its perpetration." <u>Applied Equipment Corp. v.</u> <u>Litton Saudi Arabia Ltd.</u>, 7 Cal.4th 503, 510–511, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). The elements of a civil conspiracy are "the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." <u>Id</u>. Here, there are no facts supporting Plaintiff's assertion that a conspiracy was formed or explaining how his injury of having a CDC-128-C-Chrono filed against him resulted from a conspiracy.   Instead, Plaintiff provides little more than a mere allegation of conspiracy without factual specificity. Plaintiff's claim for a conspiracy lacks sufficient factual support.

4.     <u>Injunctive Relief</u>

Plaintiff seeks injunctive relief proscribing CDCR's policies concerning the appeals process. Injunctive relief is an "extraordinary remedy, never awarded as of right." <u>Winter v. Natural Res.</u> <u>Defense Council</u>, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id</u>. (citing <u>Munaf v. Geren</u>, 553 U.S. 674, 689–90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here, Plaintiff has not demonstrated that he will succeed on the merits of his case. Moreover, nothing in the complaint suggests real and immediate threat of injury. <u>See</u> <u>City of Los</u> <u>Angeles v. Lyons</u>, 461 U.S. 95, 101–102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present, adverse effects.").   Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns.   First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor.   Second, Plaintiff

provides no showing that an injunction would be in the public interest.  The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

**D.      CONCLUSION AND RECOMMENDATION**

The Court concludes that Plaintiff's complaint states the following cognizable claim: (1) retaliation in violation of the First Amendment by Defendants Molina, and against Defendant Hosman in his capacity as supervisor to Defendant Molina.  The complaint does not state any other claims against any other Defendants.

Plaintiff has been given the option to amend but has elected to stand on his complaint. Therefore, the Court RECOMMENDS that the case proceed on Plaintiff's claim of retaliation against Defendants Molina and Hosman, and that Defendants Wilson, Buckley, and Pimentel and all remaining claims be DISMISSED without leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after date of service of these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections is due within fourteen (14) days of the date of service of the Objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **October 5, 2015**                      /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE

10