UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. MOLINA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01554 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM<br><br>[ECF No. 23] |

　　　　Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed this action in the Fresno County Superior Court on June 13, 2013. On October 2, 2014, the case was removed to this Court. On October 5, 2015, the Court issued Findings and Recommendations that recommended the case proceed on Plaintiff's claim of retaliation against Defendants Molina and Hosman, and that all other claims and Defendants be dismissed from the action. On November 19, 2015, the District Court adopted the Findings and Recommendation in full. Defendants thereafter filed an answer on December 16, 2015.

　　　　Accordingly, on December 22, 2015, the Court issued a Discovery and Scheduling Order. The deadline to conduct discovery was set for May 23, 2016. On January 4, 2016, Plaintiff filed the instant motion for issuance of a blank Subpoena Duces Tecum ("SDT"). Plaintiff seeks a SDT directed to the

1

CDCR Headquarters Custodian of Record. Plaintiff seeks a "blank" SDT for production of unidentified documents and things.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

In this case, Plaintiff's request must be denied. First, Plaintiff's request is premature. Discovery has only just commenced. Initial disclosures are not due until February 8, 2016, and the discovery cutoff date is not until May 23, 2016. Plaintiff fails to demonstrate that the documents, whatever they may be, are not equally available to him, or that they are not obtainable from Defendants. Second, Plaintiff fails to identify the documents he seeks. Thus, it is impossible to determine whether the documents or things sought are discoverable. In addition, the Court will not grant an open-ended "blank" discovery request such as Plaintiff seeks.

**ORDER**

Accordingly, Plaintiff's motion for a Subpoena Duces Tecum is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 7, 2016**              /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE