# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>A.MOLINA, et al.,<br><br>            Defendants. | Case No. 1:14-cv-01554 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT HOSMAN'S MOTION FOR SUMMARY JUDGMENT<br>[ECF No. 26]<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION UNDER RULE 56(d)<br>[ECF No. 29]<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A RULING ON MOTION FOR INJUNCTIVE RELIEF AND ORDER DENYING PLAINTIFF'S MOTION TO ADDRESS DISMISSAL OF CLAIM<br>[ECF Nos. 27, 28]<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in the Fresno County Superior Court on June 13, 2013. On October 2, 2014, the case was removed to this Court. This case is proceeding against Defendants Molina and Hosman on a claim of retaliation in violation of the First Amendment.

Defendant Hosman filed the instant motion for summary judgment for failure to exhaust on February 11, 2016. Plaintiff filed his opposition on March 2, 2016. He also filed a motion under Fed. R. Civ P. 56(d) to defer consideration of the summary judgment motion pending further

1

1  discovery. Defendant Hosman filed a reply to Plaintiff's opposition on March 8, 2016, and an
2  opposition to his Rule 56(d) motion.
3      On February 18, 2016, Plaintiff filed a motion requesting the Court to address a claim of
4  aiding and abetting, as well as a motion requesting a ruling on a motion for injunctive relief.
5  Defendants did not file an opposition to the motions.
6      The above-referenced motions are ready for decision pursuant to Local Rule 230(l).
7  **A.   SUMMARY OF COMPLAINT**
8      Plaintiff is currently housed at Corcoran Substance Abuse Treatment Facility in Corcoran,
9  California. He was housed at Pleasant Valley State Prison in Coalinga, California, when the events
10 giving rise to this action took place.
11     Plaintiff alleges the following. On August 25, 2011, Plaintiff responded to a medical ducat
12 as required under Cal. Code of Regs., tit. 15, section 3014, and informed the officer on duty at the
13 medical clinic that he did not want to see the doctor that day because he had previously been hurt by
14 a physician in that specific clinic during his physical exam and did not want to go through it again.
15 In addition, Plaintiff had a conflicting engagement in the law library. As a result, Plaintiff signed a
16 refusal of treatment form CDC-7225 which was delivered to the on-duty physician assistant ("PA").
17 Despite Plaintiff's refusal, the PA ordered Defendant Molina to physically force Plaintiff into a
18 hospital setting.
19     Plaintiff informed Defendant Molina that he had refused medical care, that he had turned in a
20 CDC-7225 refusal form, and that he did not want to see the doctor or be retained in a medical
21 setting. Over Plaintiff's objections, Defendant Molina made an implied threat of physical violence
22 against him by grabbing Plaintiff's wheel chair and stating at the same time, "You can go to the
23 doctor, or I will put the yard down; you choose." Defendant Molina then pushed Plaintiff in his
24 wheelchair to the medical clinic. Plaintiff stated he intended to file a complaint of misconduct
25 against Defendant Molina and the PA because they could not force him to see a doctor or receive
26 medical treatment pursuant to Cal. Code of Regs., tit. 15, section 3351(a)-(b). Defendant Molina
27 responded that if Plaintiff filed a complaint, he would also write a complaint by issuing a CDC-128
28 chrono. As he pushed Plaintiff into the PA's office, he advised the PA that he would be writing

Plaintiff up.

Plaintiff filed a formal appeal, but the appeals office refused to process it. Plaintiff sought relief in the state court in order for the appeal to be processed. In response to the state court order, Defendant Molina submitted a written CDC-128 information chrono which admitted he would file a complaint against Plaintiff for exercising his First Amendment right to petition the government for redress of his grievance.

Defendant Molina falsely imprisoned Plaintiff in the medical clinic to force unwanted treatment on Plaintiff against his will. Plaintiff states there was no legitimate penological interest for doing so since Plaintiff was competent to refuse treatment or to be taken to a medical clinic.

Plaintiff had an interview with Defendant Molina's supervisor, Defendant Hosman, on March 21, 2012. Defendant Hosman took Plaintiff to the unit office where he shut the door. Defendant Hosman stated he had read the appeal and asked Plaintiff what he wanted because Defendant Molina had retaliated against him. Plaintiff stated he would settle for $51,000.00, and Defendant Hosman responded that this was above his pay grade. Plaintiff then told him to just provide him with a clear flat-screen TV the next day and he would withdraw the appeal. When Plaintiff next saw Defendant Hosman, he asked him about the TV and Hosman responded that he couldn't do it. Plaintiff states inmate Smith overheard the conversation between Plaintiff and Hosman.

When the second level response came back from Buckley, Plaintiff requested that if they were not going to honor the agreement which he had relied upon, then at least they could make all the necessary recommendations to the Government Claims Board for the $100,000.00 civil fine. Plaintiff informed the third level of review that this was intrinsic fraud, and Defendant Hosman conspired and covered-up the violation of his First Amendment rights by Defendant Molina. Buckley stated that Defendant Molina did not falsely imprison Plaintiff or violate CDCR policy. Buckley stated that according to Medical Services Policies and Procedures, if the inmate refused treatment after being medically ducated, custody staff must escort the inmate-patient to the health care area for health care staff to discuss the implications of refusing treatment.

Pimentel was supplied with a copy of the information chrono authored by Defendant Molina.

The appeal was denied. Plaintiff then filed hundreds of complaints with Pimentel. His complaints were ignored or denied as unsubstantiated, unfounded, exonerated or closed in some other manner.

## B. LEGAL STANDARD

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones v. Bock, 549 U.S. 199, 223-24 (2007); Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If Defendants carry this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## C. UNDISPUTED FACTS

Plaintiff submitted one appeal regarding the incident. (ECF No. 2, Attachment 1.) It was assigned Log No. PVSP-12-00404. (Id.) Plaintiff appealed to the Third Level of Review and the appeal was denied on July 5, 2012. (Id.) Nowhere in the appeal did Plaintiff identify Defendant Hosman, claim that Hosman retaliated against him, or describe the alleged retaliatory actions of Defendant Hosman. (Id.) Further, Plaintiff fails to allege that Hosman either directed the alleged retaliatory conduct of Molina, or that he knew about Molina's conduct but failed to prevent it. (Id.) Only Defendant Molina is identified, and only Molina's actions are described. (Id.)

4

**D. DISCUSSION**

    1. <u>Appeals Process</u>

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs., tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." Tit. 15, § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Tit. 15, § 3084.2(a)(4).

    2. <u>Analysis</u>

It is uncontested that Log No. PVSP-12-00404 is the only appeal submitted concerning the events on August 25, 2011. It is further uncontested that Plaintiff did not identify Defendant Hosman in his appeal, claim that Hosman retaliated against him, or describe the alleged retaliatory actions of Defendant Hosman. Further, Plaintiff did not allege that Hosman either directed the alleged retaliatory conduct of Molina, or that he knew about Molina's conduct but failed to prevent it. In fact, as Defendant Hosman points out, Plaintiff could not have named Hosman in his appeal because Hosman's only involvement concerned his handling of the appeal.

Proper procedural and substantive exhaustion of administrative remedies is required, which demands compliance with an agency's deadlines and other critical procedural rules. <u>Woodford</u>, 548 U.S. at 90; <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014). Prisoners are required to "use

1  all the steps the prison holds out, enabling the prison to reach the merits of the issue," Griffin v.
2  Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing Woodford, 548 U.S. at 90).

3  Relevant here, the applicable prison regulations provide that inmates must list all involved
4  staff members and describe their involvement; and inmates shall state all facts known regarding the
5  issue being appealed.  Tit. 15, § 3084.2(a)(3), (4).  In addition, the regulations provide that
6  "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information,
7  or person later named by the appellant that was not included in the originally submitted CDCR Form
8  602 (Rev. 08/09), Inmate/Parolee Appeal. . . ."  Tit. 15, § 3084.1(b).

9  The exhaustion requirement was enacted "to reduce the quantity and improve the quality of
10 prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to
11 address complaints internally before allowing the initiation of a federal case."  Porter v. Nussle, 534
12 U.S. 516, 524-25 (2002); Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014); McKinney v. Carey,
13 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (per curiam).  Thus, "[t]he primary purpose of a grievance
14 is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."
15 Griffin, 557 F.3d at 1120; see also Jones, 549 U.S. at 219 (promotion of early notice to those who
16 might later be sued not thought to be one of the leading purposes of exhaustion requirement) (citing
17 Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004)).  However, as recognized by both the
18 Supreme Court and the Ninth Circuit, "[t]he scope of [procedural and substantive exhaustion]
19 depends on the scope of administrative remedies that the state provides," Wilkerson, 772 F.3d at 839
20 (citing Jones, 549 U.S. at 218), and the inquiry is now guided by more specific regulations than
21 those at issue in Sapp and the cases that followed.

22 The Court finds that Plaintiff failed to exhaust his administrative remedies as to Defendant
23 Hosman.  Plaintiff never identified Hosman or complained about Hosman's actions.  He only
24 identified Defendant Molina as the individual responsible for retaliatory conduct.  Plaintiff failed to
25 comply with the requirement that he specifically name the involved staff who are now parties to this
26 suit.  Accordingly, the Court finds that Defendant Hosman has carried his burden in demonstrating
27 that Plaintiff failed to exhaust his administrative remedies as to his claims against him.
28

6

Once Defendant has met his initial burden, the burden shifts to Plaintiff to come forward with evidence showing that something in his particular case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. Plaintiff has made no such showing. Thus, Plaintiff has not met his burden to show that administrative remedies were effectively unavailable.

**E.     MOTION UNDER RULE 56(D)**

On March 2, 2016, Plaintiff filed a motion under Fed. R. Civ. P. 56(d)[1] to defer consideration of Defendants' summary judgment motion due to pending discovery. Under Rule 56(d), the Court may defer consideration or deny the summary judgment motion if Plaintiff shows that, for specified reasons, he cannot present facts essential to justify his opposition because the facts are unavailable to him. Plaintiff must demonstrate that he has not had a sufficient opportunity to conduct discovery, that he has been diligent, and that permitting additional discovery would preclude summary judgment. Martinez v. Columbia Sportswear USA Corp., 553 F.Appx. 760, 761 (9th Cir. 2014).

Plaintiff's motion must be denied because it is clear he cannot satisfy the third requirement. In order to satisfy the third requirement, Plaintiff "must show: (1) [he] has set forth in affidavit form the specific facts [he] hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008), citing Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Here, Plaintiff has failed to set forth in affidavit form the specific facts he hopes to elicit from further discovery. In addition, he fails to show that any facts exist that could aid him in opposing summary judgment, and that those facts are essential to oppose summary judgment. The only evidence that could aid Plaintiff is evidence that he submitted an appeal separate from the appeal already discussed, and that the appeal concerned Hosman. However, it is uncontested that Log No. PVSP-12-00404 is the only appeal filed concerning the events in question. Accordingly, Plaintiff's motion under Rule 56(d) must be denied.

---

[1] Plaintiff states he seeks relief under 56(f); however, it appears he is actually seeking relief under 56(d).

### F. MISCELLANEOUS MOTIONS

On February 18, 2016, Plaintiff filed a pleading entitled "Notice of Motion & Motion to Rule on Imminent Harm Motion for Injunctive or in the Alternative Declaratory Relief & State Claims." It is unclear what Plaintiff seeks with the filing of this motion. Plaintiff references a motion for injunctive or declaratory relief that he claims is currently pending before the Court. He asks the Court to rule on said motion. However, the Court is unaware of any such motion currently pending before the Court. To the extent Plaintiff refers to his motion for a Subpoena Duces Tecum filed on January 4, 2016, that motion was denied on January 7, 2016. Accordingly, Plaintiff's motion for a ruling is DENIED.

On February 18, 2016, Plaintiff also filed a motion for an order directing the Court to address the dismissal of his claim for aiding and abetting intrinsic fraud. Plaintiff claims the Court did not address the independent claim of aiding and abetting. There is no such independent claim for aiding and abetting. To the extent Plaintiff complains that Defendants committed fraud, the Court did in fact address and dismiss the claim. Therefore, Plaintiff's motion to address the aiding and abetting claim is DENIED.

### G. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a ruling and motion to address the dismissal of his claim of aiding and abetting are DENIED.

### H. RECOMMENDATION

The Court RECOMMENDS that (1) Plaintiff's motion under Rule 56(d) be DENIED; (2) Defendants' motion for summary judgment be GRANTED; and (3) the claim against Defendant Hosman be DISMISSED without prejudice for failure to exhaust and Defendant Hosman be DISMISSED from the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1 shall be served and filed within ten (10) days after service of the objections. The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

    Dated:   **March 11, 2016**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE