# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. MOLINA, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01554 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE INITIAL DISCLOSURES AND DENYING MOTION FOR SANCTIONS WITHOUT PREJUDICE<br>[ECF No. 38]<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE INITIAL DISCLOSURES TO DEFENDANTS WITHIN THIRTY DAYS |

Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed this action in the Fresno County Superior Court on June 13, 2013. On October 2, 2014, the case was removed to this Court. On October 5, 2015, the Court issued Findings and Recommendations that recommended the case proceed on Plaintiff's claim of retaliation against Defendants Molina and Hosman, and that all other claims and Defendants be dismissed from the action. On November 19, 2015, the District Court adopted the Findings and Recommendation in full. Defendants thereafter filed an answer on December 16, 2015.

On December 22, 2015, the Court issued a Discovery and Scheduling Order. In said order, the parties were ordered, *inter alia*, to provide initial disclosures no later than February 8, 2016. On March 15, 2016, Defendants filed a motion to compel Plaintiff to provide his initial disclosures. On March 31, 2016,

Plaintiff filed an opposition to the motion to compel. On April 7, 2016, Defendants filed a reply to the opposition. Therefore, the motion is ripe for decision.

## DISCUSSION

In the Court's Discovery and Scheduling Order of December 22, 2015, the parties were ordered to provide initial disclosures. As for his part, Plaintiff was ordered to comply as follows:

> Plaintiff shall provide Defendant with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each individual likely to have information about the events described in his complaint or his claims of injury or damage. In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.
>
> Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control which he may use to support the allegation(s) in his complaint, or his claims or injury of damage.

(ECF No. 21 at 1-2.)

Defendants state they provided Plaintiff with their initial disclosures on February 4, 2016. Defendants state that Plaintiff on the other hand has not only failed, but refused to provide his initial disclosures. Defendants state they mailed a request to Plaintiff on February 25, 2016, to comply with initial disclosures, but Plaintiff responded that he would not be doing so. Plaintiff instead directed Defendants to his pleadings and attachment to his pleadings. Defendants request an order compelling Plaintiff to provide initial disclosures and further request that the Court impose sanctions under Fed. R. Civ. P. 37 which may include (1) prohibiting Plaintiff from supporting or opposing designated claims, (2) prohibiting Plaintiff from introducing designated matters into evidence, and (3) dismissing the action. At a minimum, Defendants request the sum of $425.00 to reimburse their expenses associated with this motion.

Plaintiff opposes the motion and claims it is frivolous, brought in bad faith, and has no reasonable chance of success. Plaintiff acknowledges that he did not provide Defendants with anything in response to the Court's Discovery and Scheduling Order concerning initial disclosures; rather, he directed Defendants to his pleadings and the attachments to his pleadings believing this was sufficient for substantial compliance with the Court's order. Plaintiff further advised Defendants that he would provide additional disclosures as they became available to him, and that Defendants had equal access to documents sought and therefore he need not provide them.

## I.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Before such a motion is made, the moving party must "in good faith" confer or attempt to confer with the party that has failed to make the disclosure in an effort to avoid court involvement.  Fed. R. Civ. P. 37(a)(1).  If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P 37(a)(5)(A).  Rule 37(c)(1) further provides that a party who fails to make initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  In addition to this evidence preclusion sanction, the Court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide initial disclosures.  Fed.R.Civ.P. 37(c)(1)(A). Finally, Rule 37(b)(2)(C) provides for sanctions for violation of a Court's discovery order, and requires the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  The burden is on Plaintiff to show that his failure to provide initial disclosures was substantially justified or harmless to avoid sanctions.  See Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

## II.  Analysis

### A.  Motion to Compel

Based on the factual background of this dispute, it is clear that Plaintiff has failed to abide by the plain language of the Court's order directing him to provide initial disclosures as specified.  It is further clear that Defendants have attempted to meet and confer with Plaintiff to obtain his initial disclosures, but Plaintiff has refused and instead directed Defendants to his initial pleadings and their attachments. Plaintiff is wrong in contending that he had no obligation beyond referencing his pleadings and attachments.  See, e.g., Holak v. Kmart Corp., 2014 WL 2565902, at *7 (E.D. Cal. 2014) (Plaintiff's

general reference to "putative class members, as alleged in the operative complaint" was insufficient disclosure under Rule 26 which required parties to provide "the name and, if known, the address and telephone number" of relevant witnesses); Hash v. Cate, 2012 WL 6043966, at * 4 (N.D. Cal. 2012) ("citing to the complaint does not satisfy Plaintiff's discovery obligations, because the complaint contains only allegations, while documents produced in discovery are meant to provide verified factual information for use at trial or in motion work").  Therefore, he was not substantially justified for his non-disclosure on the basis of having had no obligation to do so.

Accordingly, Defendants' Motion to Compel Plaintiff to provide initial disclosures is GRANTED. Fed. R. Civ. P. 37(a)(1)(A).

B.  Motion for Sanctions

Defendants further seek monetary and evidentiary sanctions based on Plaintiff's violation of the Court's order requiring that the parties exchange initial disclosures.  As stated above, Plaintiff claims to have demonstrated substantial justification for his complete failure to provide initial disclosures by referencing his complaint.

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3).  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed.R.Civ.P. 16(d).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) (internal citation and quotations omitted).  Disregard of the terms of the scheduling order "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." Id. The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir.2011) (citing Johnson, 975 F.2d at 607).

As noted above, Defendants attempted to meet and confer with Plaintiff in an attempt to obtain his initial disclosures, and Plaintiff responded by refusing to provide said disclosures, opting instead to merely

4

refer Defendants back to his pleadings. As stated above, Plaintiff's reference to his pleadings was completely insufficient.

Plaintiff further fails to meet his burden of showing that his failure to disclose was harmless. As noted by Defendants, Plaintiff has not provided them with the name of any witness or other individual likely to have knowledge of the events alleged in the complaint; nor has he identified what information they might have. Plaintiff has further failed to provide Defendant with any documents, or list describing documents, which he may use to support his allegation in his complaint. The failure to provide these disclosures is not harmless, because Defendants cannot be expected to guess the identity of witnesses or documents Plaintiff may seek to use to prove his allegations. Merely referencing the complaint undermines the very purpose of providing initial disclosures. Moreover, Defendants, as well as the Court, have now spent substantial time and resources addressing this issue when, indeed, it should not have been an issue and could have been avoided simply by Plaintiff providing Defendants with a list of witnesses and documents he intends to use or list describing said documents.

Although a close call, based on the fact that Plaintiff is incarcerated and untrained in the law, the Court finds that sanctions should not be awarded at present. Plaintiff will be compelled to provide his initial disclosures, and in the event he fails to so provide, Defendants may renew their motion for sanctions. Possible sanctions may include prohibiting Plaintiff from supporting his claims with witnesses and documentary evidence, or dismissal of his case. Fed. R. Civ. P. 37.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Defendants' motion to compel is GRANTED;
2) Plaintiff is ORDERED to provide his initial disclosures as set forth in the Court's Discovery and Scheduling Order (ECF No. 21) within thirty (30) days;
3) Defendants' motion for sanctions is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 19, 2016**              **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE