# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>A. MOLINA, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01554 LJO DLB PC<br><br>**ORDER DENYING REQUEST TO MODIFY SCHEDULING ORDER**<br><br>[ECF No. 41] |

Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in the Fresno County Superior Court on June 13, 2013. On October 2, 2014, the case was removed to this Court. This case is proceeding against Defendant Molina on a claim of retaliation in violation of the First Amendment.

On December 22, 2015, the Court issued a discovery and scheduling order in this matter. The discovery cut-off was set for May 23, 2016, and the dispositive motion deadline was set for July 21, 2016. On February 11, 2016, Defendant Hosman filed a motion for summary judgment based on failure to exhaust. Plaintiff filed an opposition on March 2, 2016, and Defendant filed a reply on March 8, 2016. On March 11, 2016, the Court issued a Findings and Recommendation

which recommended the motion for summary judgment be granted. The District Court adopted the Findings and Recommendation on April 15, 2016, and Defendant Hosman and the claim against him were dismissed.

On May 2, 2016, Plaintiff filed a motion to modify the scheduling order. Defendant did not file a response to the motion. Plaintiff complains that Defendant's counsel has engaged in dilatory discovery tactics intentionally designed to delay, frustrate, and hinder the discovery process. Based on the attachments to his motion, it appears that Plaintiff is vexed because Defendant's counsel refused to answer Plaintiff's first request for production of documents and things because Plaintiff did not direct the request to either Defendant. However, Defendant's position is not wrong insofar as Plaintiff's request was not directed to a particular party. (See Pl.'s Mot., Attach. 1.) Plaintiff corrected the error by re-sending his request and specifying the propounding party and responding party. (See Pl.'s Mot., Attach. 3.) Plaintiff states a modification is now necessary because Counsel's litigation tactics will push the discovery proceeding past the deadline.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

In this case, the Court does not find good cause to modify the scheduling order. First, the Court does not find bad faith in Defendant Molina's or Hosman's refusal to respond to a discovery request that was not specifically directed to them. In addition, Defendant Hosman was dismissed from the case on April 15, 2016. Plaintiff's rationale for extending the discovery deadline concerns his discovery requests directed to Defendant Hosman. (See Pl.'s Mot.,

Attachs. 1-3.)  Since Defendant Hosman is no longer party to this suit, Plaintiff's argument is moot.

Accordingly, Plaintiff's request to modify the Discovery and Scheduling Order is DENIED.

IT IS SO ORDERED.

    Dated:   **June 7, 2016**                              /s/ *Dennis L. Beck*
                                                                               UNITED STATES MAGISTRATE JUDGE