UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>         Plaintiff,<br><br>   v.<br><br>A. MOLINA, et al.,<br><br>         Defendants. | Case No.: 1:14-cv-01554 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT HOSMAN TO RESPOND TO DISCOVERY REQUESTS<br><br>[ECF No. 45] |

Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed this action in the Fresno County Superior Court on June 13, 2013. On October 2, 2014, the case was removed to this Court. On October 5, 2015, the Court issued Findings and Recommendations that recommended the case proceed on Plaintiff's claim of retaliation against Defendants Molina and Hosman, and that all other claims and Defendants be dismissed from the action. On November 19, 2015, the District Court adopted the Findings and Recommendation in full. Defendants thereafter filed an answer on December 16, 2015.

On December 22, 2015, the Court issued a Discovery and Scheduling Order. The discovery cut-off date was set for May 23, 2016, and the dispositive motion deadline was set for July 21, 2016. On February 11, 2016, Defendant Hosman filed a motion for summary judgment based on exhaustion. The Court issued a Findings and Recommendation on March 11, 2016, that recommended the motion be granted. On April

1

15, 2016, the District Court adopted the Findings and Recommendation in full. Defendant Hosman's motion was granted, and Defendant Hosman and the claim against Defendant Hosman were dismissed from the action.

On June 3, 2016, Plaintiff filed a motion to compel former Defendant Hosman to provide further responses to discovery that he had propounded. Hosman filed an opposition on June 17, 2016.

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Before such a motion is made, the moving party must "in good faith" confer or attempt to confer with the party that has failed to make the disclosure in an effort to avoid court involvement. Fed. R. Civ. P. 37(a)(1). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P 37(a)(5)(A). Rule 37(c)(1) further provides that a party who fails to make initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." In addition to this evidence preclusion sanction, the Court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide initial disclosures. Fed.R.Civ.P. 37(c)(1)(A). Finally, Rule 37(b)(2)(C) provides for sanctions for violation of a Court's discovery order, and requires the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The burden is on Plaintiff to show that his failure to provide initial disclosures was substantially justified or harmless to avoid sanctions. See Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, Hosman is no longer a party to this action, having been dismissed on April 15, 2016. Therefore, Plaintiff's motion to compel of June 3, 2016, must be denied. See Fed. R. Civ. P. 37(a). In addition, the discovery cut-off date was May 23, 2016. Therefore, Plaintiff's motion to compel dated May 31, 2016, is untimely.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel further discovery responses from former Defendant Hosman is DENIED.

IT IS SO ORDERED.

Dated: __**June 30, 2016**__                    _____/s/ *Dennis L. Beck*_____
                                                                    UNITED STATES MAGISTRATE JUDGE

3