**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>A. MOLINA,<br><br>　　　　Defendant. | Case No. 1:14-cv-1554-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DEPOSITION TRANSCRIPT<br><br>ORDER REQUIRING PLAINTIFF TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY (30) DAYS<br><br>(ECF Nos. 55, 58, 60) |

Plaintiff Charles Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action against Correctional Officer A. Molina for retaliation in violation of the First Amendment. Pending before the court is Plaintiff's motion for a court order compelling defendant to provide him with a copy of the complete deposition transcript lodged with the court.[1] Plaintiff argues that while he received copies of the deposition excerpts supporting defendant's motion for summary judgment, he needs a complete copy of the transcript in order to oppose defendant's motion. (ECF. No. 55, 60).

By his motion, it appears that Plaintiff is seeking a free copy of his full deposition transcript from Defendant. (ECF No. 60 at 5). Defendant is not required to provide plaintiff with a copy of his deposition transcript. *See Boston v. Garcia*, 2013 U.S. Dist. LEXIS 38921, 2013 WL 1165062 at *2

---
[1] Plaintiff's motion also asks the court take "mandatory judicial notice of the deposition transcripts lodged with the court clerk." (ECF No. 55).

1

(E.D. Cal. Mar. 20 2013) (denying plaintiff's request that the court order defendants to provide him with a copy of his deposition transcript). There also is no statutory requirement for the Court or the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts. *See* 28 U.S.C. § 1915; *see also Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress") (citation omitted); *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993) (finding no abuse of discretion because there was no authorization for the court to commit federal monies to provide indigent litigants with copies of deposition transcripts). Accordingly, the Court will not order defense counsel or the defendant to provide Plaintiff with a copy of his deposition transcript and the Court will not provide Plaintiff with a copy of his deposition transcript.

However, Plaintiff may obtain a copy of his deposition transcript from the court reporter/deposition officer provided he pays the required fee. *See* Fed. R. Civ. P. 30(f)(3) ("when paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent."). If Plaintiff requires contact information for the court reporter, he is directed to seek such information from defense counsel.

For the above reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for a copy of the deposition transcript, without charge, is **DENIED**;
2. Plaintiff's request for "mandatory judicial notice" of the deposition transcript lodged by Defendant is **DENIED** as **MOOT**;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff **SHALL** file a response to Defendant's Motion for Summary Judgment;

////
////
////
////
////
////
////

2

4. Defendant shall file a reply, if any, within **seven (7) days** from the date of service of Plaintiff's opposition. No further extensions of time will be given.

**<u>The failure to comply with this order will result in dismissal of this action, with prejudice, for failure to obey court orders and failure to prosecute.</u>**

IT IS SO ORDERED.

Dated: **September 27, 2017**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE