UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>               Plaintiff,<br><br>   v.<br><br>A. MOLINA,<br><br>               Defendant. | Case No. 1:14-cv-1554 LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 52)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS<br>(ECF No. 48)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO STRIKE<br>(ECF No. 66)<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I.   Introduction**

Plaintiff Charles Davis is a state prisoner currently housed at the California Medical Facility in Vacaville, California. Plaintiff, proceeding pro se and in forma pauperis, initially filed this action in the Fresno County Superior Court. After it became apparent that Plaintiff was proceeding on civil rights claims brought pursuant to 42 U.S.C. § 1983, the action was removed to this Court. (ECF Nos. 1, 2). This action currently proceeds against Defendant Correctional Officer A. Molina for retaliation in violation of the First Amendment. (ECF Nos. 15, 17.)

Currently, pending before the Court are Plaintiff's motion for judgment on the pleadings (ECF No. 48); Defendant's Motion for Summary Judgment (ECF No. 52); Plaintiff's Opposition titled "Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment or in the Alternative Summary Adjudication as alleged herein" (ECF No. 64); and Defendant's Motion to Strike Plaintiff's Cross-Motion for Summary Judgment as untimely. (ECF No.66). These motions are fully briefed and deemed submitted. Local Rule 230(l).

**II.     Background**

The following summary identifies relevant undisputed facts as agreed to by the parties or as determined by the Court based on a thorough review of the record.

Plaintiff is currently housed at the California Medical Facility in Vacaville. He was housed at the Pleasant Valley State Prison in Coalinga, California when the events giving rise to this action took place.

Plaintiff alleges that on August 25, 2011, he responded to a medical ducat required under Cal. Code of Regs., tit. 15, section 3014, and informed the officer on duty at the medical clinic that he did not want to see the doctor that day. (Defs.' Statement of Undisputed Facts ("Defs.' Undisputed Facts"), ECF No. 52-2, ¶ 1). Plaintiff alleges that he was refusing treatment because he had previously been hurt by a physician at that clinic and he did not want to have a repeat experience. (Plaintiff's Complaint ("Pl.'s Compl.") ¶ 1 (ECF No. 2-1), Attachment 3 (Exhibit 3)). As a result, Plaintiff signed a refusal of treatment form CDC-7225 which was delivered to on-duty physician assistant Randolph Wilson ("PA Wilson").

Despite Plaintiff's refusal, PA Wilson ordered Defendant Molina to escort Plaintiff to the medical clinic so that PA Wilson could discuss with Plaintiff his refusal for treatment. (Defs.' Undisputed Facts ¶ 3). Plaintiff informed Defendant Molina that he had refused medical care, that he had turned in a refusal form, and that he did not want to see the doctor or be retained in a medical setting. (Pl.'s Compl. ¶ 4-5). Officer Molina reiterated that PA Wilson needed to speak with him and began escorting Plaintiff toward the medical clinic (Plaintiff was in a wheelchair). See Declaration of A Molina ("Molina Decl."), at ¶ 5, (Doc. 52-3). Plaintiff alleges that

Defendant Molina threatened him by stating "you can go to the doctor, or I will put the yard down; you choose." (Pl.'s Compl. ¶ p. 5). Although Plaintiff did not physically resist the escort, Defendant Molina wheeled Plaintiff in his wheelchair to the medical clinic over Plaintiff's verbal objections.

On the way to the clinic, Plaintiff stated that he intended to file a staff complaint against Defendant Molina for forcing him to undergo medical treatment against his will. (Pl.'s Compl. at 5). Defendant Molina responded that if Plaintiff filed a complaint, he would also write a complaint by issuing a CDC-128-B chrono ("128-B informational chrono"). *Id.*

Once the parties arrived at the medical clinic, PA Wilson met Plaintiff at the front door, and requested that Plaintiff follow him into his office. Plaintiff then wheeled himself to PA Wilson's office. He apparently had his consult with PA Wilson and left the clinic on his own accord. Molina Decl. ¶ 9.

Several hours later, at approximately 11:30 a.m., Plaintiff returned to the clinic and requested Defendant Molina's name. Defendant Molina provided his name and, at the same time, told Plaintiff that he would be preparing a 128 informational chrono to document the incident. Molina Decl. ¶ 10. Plaintiff responded by stating "Oh, retaliation. I'll write you up for that too. I'll add that to my complaint." Later that day, Defendant Molina prepared a 128-B informational chrono which included his recollection of the subject incident. (Pl.'s Compl. Exh. 3).

Plaintiff later filed a formal appeal (staff complaint) about the subject incident. (Pl.'s Compl., Exh. 1). Plaintiff's appeal stated that PA Wilson and Defendant Molina falsely imprisoned Plaintiff in the medical clinic to force unwanted treatment against his will. Plaintiff's appeal was ultimately denied. Plaintiff's underlying lawsuit followed.

**III.     Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment**

In response to Defendant's motion for summary judgment, Plaintiff filed his opposition titled, "Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment or in the Alternative Summary Adjudication as alleged herein" (ECF No. 64). Defendant moves to strike Plaintiff's cross-motion for summary judgment as untimely because it was filed on October 30, 2017, over a year after the deadline set by this Court

for filing dispositive motions in this action. *See* (ECF No. 66); *see also* (ECF No. 21) (Discovery and Scheduling Order, setting September 18, 2015 as the deadline for filing dispositive motions).

Defendant is correct that Plaintiff's motion for summary judgment was untimely filed under this Court's Discovery and Scheduling Order. Accordingly, Defendant's motion to strike will be GRANTED IN PART. Because this Court must liberally construe pro se pleadings, the arguments and evidence submitted in support of Plaintiff's putative cross-motion for summary judgment, (ECF No. 30), will be considered in tandem with, and as part of, Plaintiff's opposition to Defendant's motion for summary judgment.

### IV. Defendant's Motion for Summary Judgment

#### Defendant's Argument

In moving for summary judgment, Defendant Molina argues that the undisputed facts establish that he is entitled to judgment as a matter of law because: (1) Defendant's preparation of a 128-B general, informational, chrono does not constitute an adverse action, (2) Defendant had a legitimate correctional reason for preparing the chrono, and (3) Defendant is entitled to qualified immunity.

Defendant admits that he issued the 128-B informational chrono in response to Plaintiff's complaints, but Defendant explains that the 128-B issued here was purely informational and does not subject Plaintiff to any disciplinary action. According to Defendant, both Title 15 and the Department Operations Manual require that all incidents involving the use of force be documented and reported. Although incidents involving the use of force are generally documented on a Form 837, because Defendant did not use any force on Plaintiff, Defendant used a 128-B informational chrono to document his recollection of the incident in the event Plaintiff did allege that Defendant used force in transporting Plaintiff to the medical clinic. This was a legitimate correctional reason for Defendant's conduct. Defendant also argues that he is entitled qualified immunity as to this retaliation claim.

#### Plaintiff's Opposition

Plaintiff responds that it is undisputed that Defendant Molina prepared the chrono after Plaintiff first informed Defendant Molina that he would be submitting a staff complaint about

4

Defendant's conduct in forcing him to the medical clinic against his wishes. According to Plaintiff, Defendant Molina's explicit statements demonstrate that the issuance of the 128-B chrono clearly violated Plaintiff's exercise of his First Amendment right to participate in the grievance process. Notwitstanding Defendant Molina's omission, Plaintiff also contends that a 128-B informational chrono does amount to an adverse action because it is considered by the Parole Board when making parole decisions.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The exact nature of this responsibility varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id.* (citing *Celotex*, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.*

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th

Cir. 2009) (emphasis omitted). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.*; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## IV. ANALYSIS

### 1. First Amendment Retaliation

Prisoners have a clearly established First Amendment right to file grievances against prison officials, as well as the right to be free from retaliation for doing so. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). A violation of these rights is actionable under 42 U.S.C. § 1983. *Jones v. Williams*, 791 F.3d 1023, 1035-1036 (9th Cir. 2015). The elements of a First Amendment retaliation claim in the prison context are: (1) the prisoner engaged in protected conduct; (2) a state actor took some adverse action against the prisoner; (3) the prisoner's

1 protected conduct was a "substantial factor" or "motivating reason" for the adverse action; (4) the
2 adverse action chilled the inmate's exercise of First Amendment rights; and (5) the adverse action
3 did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559,
4 567–68 (9th Cir. 2005) (footnote omitted); *Brodheim v. Cry*, 584 F.3d 1262, 1269-72 (9th Cir.
5 2009).

### A. Adverse Action

Plaintiff's claim of retaliation fails because he cannot establish that the "128-B informational chrono" issued here constitutes an adverse action. While Plaintiff alleges that a 128-B chrono is an adverse action because the parole board "does and did rely upon the 128 in an adverse manner," Plaintiff's evidence from the Board of Parole Hearings Consultation demonstrates that the Parole Board only considered Plaintiff's "14 128-A's" in its parole determination. (ECF No. 64 at 7, Attachment 10). This evidence is therefore insufficient to raise a fact question because Plaintiff has failed to produce evidence that an informational "128-B chrono," as opposed to a disciplinary "128-A chrono" negatively affected his consideration for release by the Parole Board.

Defendant presents evidence that the California Department of Correction Manual indicates that a 128-B chrono can be used to record information regarding contacts with inmates and is filed in the general chrono section of an inmate's central file (as opposed to the disciplinary section). *See* California Department of Corrections and Rehabilitation Operations Manual ("DOM") § 72010.7.2. Defendant further notes that, unlike a 128-A, 128-B informational chronos are not described in the regulations as "discipline." (ECF No. 52-1 at 5) citing DOM § 72010.7.1. (describing CDCR Form 128-A chronos as discipline). Defendant thus argues, and the Court agrees, that Plaintiff cannot rely on evidence demonstrating the disciplinary nature of a "128-A" chrono because the "128-B informational chrono" issued here is not analogous.

An adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. *Pinard v. Clatskanie School Dist.*, 467 F.3d 755, 770 (9th Cir. 2006). In the prison context, the action taken must be clearly adverse to the plaintiff. *See e.g., Rhodes*, 408 F.3d at 568 (noting that arbitrary confiscation and destruction of property, initiation of a prison

7

transfer, and assault in retaliation for filing grievances was sufficient to plead an adverse action); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995) (reaffirming that an allegation of retaliatory prison transfer and double-cell status sufficiently states a claim of retaliation).

Here, the Parole Hearing Consultation submitted by Plaintiff does not refer to Defendant Molina's 128-B chrono or any other 128-B informational chronos. Rather, the Parole Hearing Consultation references only "RVR's" (Rules Violation Reports) and "128-A" chronos which, as explained above, are disciplinary in nature. This Court has held that because 128-B chronos are informational and not disciplinary, they do not constitute an adverse action for purposes of a prisoner's retaliation claim. *See Masterson v. Killen*, No. 1:11-cv-01179, 2017 WL 928710, at *11-12 (E.D. Cal. 2017) (granting summary judgment as to the plaintiff's retaliation claim inasmuch as it is based on the issuance of chronos that documented observations and concerns about the plaintiff's conduct because administrative, informational chronos do not constitute an adverse action).

Plaintiff cannot rely on possible parole board considerations because, as this Court has recently concluded, a parole board's consideration of a 128-B general chrono in making a parole determination is not a sufficiently adverse act for purposes of retaliation. In *Martin v. Desha*, this Court declined to adopt findings and recommendations that a general chrono could impact parole as sufficient at the pleading stage to defeat a motion to dismiss. 2017 WL 1354140, at *2 (E.D. Cal. Apr. 13, 2017). Instead, the Court held that there are numerous considerations that go into a parole decision and therefore an informational 128-B chrono that had no discernable effects would at best be only one of many pieces of information factoring into a parole decision. *Id*.; *cf. Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016) (finding that a rules violation was one of many pieces of information that the Board of Paroles can review and that the presence or absence of a disciplinary infraction compels neither the granting nor the denial of parole); *Hall v. Tehrani*, 2013 U.S. Dist. LEXIS 46026, *14–15, 2013 WL 1326879 (N.D. Cal. Mar. 29, 2013) (holding that a psychological evaluation that allegedly contained erroneous facts was not an "adverse action" because the Board of Paroles is required to consider many reliable and relevant information and the evaluation was not clearly adverse).

8

Therefore, the Court agrees with this and other courts in the Ninth Circuit who have similarly held that a general chrono does not, by itself, constitute an adverse action for purposes of retaliation. *See e.g., Jenkins v. Caplan*, 2010 U.S. Dist. LEXIS 97767, 2010 WL 3742659, at *2 (N.D. Cal. Sept. 16, 2010) (granting summary judgment for defendant where plaintiff failed to present evidence that chrono constituted adverse action); *Williams v. Woodford*, 2009 U.S. Dist. LEXIS 105932, 2009 WL 3823916, *3 (E.D. Cal. 2009) ("the alleged filing of the false administrative chrono fails to state a claim because it is not a sufficient adverse action for a retaliation claim because the chrono was merely informational"); *Samano v. Copeland*, 2008 U.S. Dist. LEXIS 41395, 2008 WL 2168884, *2 (E.D. Cal. 2008) (dismissing retaliation claim for failure to state a claim because issuing a counseling chrono did not constitute an adverse action).

Plaintiff has failed to proffer any evidence to establish that his 128-B informational chrono was an adverse action against him. Although he argues that the general chrono was used in his parole determination, Plaintiff has not stated any facts to suggest that this chrono had a significantly negative impact on his parole. Thus, there is no genuine issue of material fact to demonstrate that Defendant Molina's 128-B chrono was an adverse action against Plaintiff sufficient to establish the first element of retaliation.

**B.     Legitimate Correctional Goal**

Although Plaintiff fails to demonstrate that he suffered an adverse action, the Court will address whether there was a legitimate correctional reason for Defendant's conduct, as Defendant is entitled to judgment on that ground as well.

To sustain a retaliation claim, Plaintiff must introduce evidence demonstrating that the adverse action taken by defendant "did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 568. Plaintiff bears the burden of proving the absence of legitimate correctional goals for defendant's challenged conduct. *See Pratt*, 65 F.3d at 806 (*citing Rizzo*, 778 F.2d at 532).

With respect to the last element of retaliation, Defendant argues that he issued the 128-B chrono against Plaintiff for the legitimate correctional goal of accurately reporting and documenting an alleged use of force. Although Defendant denies using force, he claims that he

authored the informational chrono in light of Plaintiff's possible allegations related to the use of force. Defendant further states that, because he is required to document instances of the use of force, he prepared the chrono to document what occurred and preserve his recollection of events in the chance that there was ever an inquiry into those events. Indeed, Plaintiff later submitted a staff complaint against Defendant for using force in escorting him to the medical clinic. An inquiry was completed, and it was determined that Defendant had not violated any policy. Molina Decl. ¶ 7.

Plaintiff does not dispute that the regulations require the documentation of force-related incidents, but instead argues that Defendant should not be allowed to rely on this regulation to escape liability. (Doc. 64 at 16).

Defendant has submitted undisputed evidence that his issuance of the subject informational chrono was motivated by the legitimate correctional goal of accurately recording and reporting force-related incidents in real time. The record shows that pursuant to the California Code of Regulations, Defendant had a duty to document incidents involving the use of force. Molina Decl. ¶ 7; Cal. Code Regs. tit. § 3268.1(a) ("[e]very staff use of force is an incident that shall be reported"). By performing that duty, Defendant transcribed an accurate account of the circumstances regarding Plaintiff's complaint, as was his duty.

Although Plaintiff disputes Defendant's motive for issuing the informational chrono, Plaintiff does not dispute that the chrono was informational in nature and that it accurately documented Plaintiff's accusation that he was escorted to the medical clinic despite his verbal protests. Plaintiff is unable to demonstrate that Defendant's challenged conduct was "unnecessary to the maintenance of order in the institution," which he must establish in order to prevail. *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012). Even if Plaintiff's evidence demonstrates that Defendant may have been motivated in part by frustration with Plaintiff's exercise of First Amendment rights, Plaintiff has failed to meet his burden of demonstrating a triable issue of fact as to whether Defendant's issuance of the informational chrono advanced a legitimate correctional goal. Defendant's evidence demonstrates that his challenged conduct was motivated by, and narrowly tailored to achieve, legitimate correctional goals, and that his actions

were not arbitrary or capricious. *Watison*, 668 F.3d at 1114-15.

## C. Summary of Evidence of Retaliation Claim

In summary, the Court finds that the evidence fails to support a reasonable inference that Defendant took an adverse action in preparing the subject chrono and that Defendant's conduct failed to advance a legitimate correctional goal. In the absence of evidence supporting a reasonable inference in favor of Plaintiff on each of the five elements of his retaliation claim, summary judgment should be granted in favor of Defendant Molina.

## D. Qualified Immunity

Defendant also moves for summary judgment on the grounds that he is entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).

The Supreme Court has "mandated a two-step sequence for resolving government officials' qualified immunity claims." *Pearson*, 555 U.S. at 232, *citing Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)). "First, a court must decide whether the facts that a plaintiff has alleged...make out a violation of a constitutional right." *Id*. (*citing Saucier*, 533 U.S. at 201). This prong of the inquiry "mirrors the substantive summary judgment decision on the merits." *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). "If no constitutional right would have been violated were the allegations established," then the officer is entitled to qualified immunity. *Saucier*, 533 U.S. at 201.

"Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232. At step two, "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

Because Defendant did not violate Plaintiff's constitutional rights, no further discussion of qualified immunity is warranted.

## V. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff filed a Motion for Judgment on the Pleadings on the grounds that Defendant Molina admitted that the decision to issue the 128-B informational chrono was because of Plaintiff's decision to file a staff complaint. Plaintiff argues that this admission entitles him to judgment in his favor.

A plaintiff may bring a Rule 12(c) motion for judgment on the pleadings if defendant's answer fails to controvert material facts alleged in the complaint. Plaintiff's motion cannot be granted if the answer raises a fact or an affirmative defense that, if true, would defeat recovery. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989). "A plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *General Conference Corp. of Seventh–Day Adventists*, 887 F.2d at 230, *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368 (1969).

In light of the recommendation that Defendant's Motion for Summary Judgment be granted, the Court further recommends that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 48), which seeks a determination of the merits of this case, be denied as moot.

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that

1. Defendant's Motion for Summary Judgment be GRANTED;
2. Plaintiff's Motion for Judgment on the Pleadings be DENIED;
3. Defendant's Motion to Strike Plaintiff's Cross-Motion for Summary Judgment is GRANTED in part.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 5, 2018**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE