# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOLINA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01554-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 74) |

　　　　Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On March 5, 2018, the assigned Magistrate Judge issued findings and recommendations that Plaintiff's motion for judgment on the pleadings be denied, Defendant Molina's motion for summary judgment be granted, and Defendant's motion to strike be granted in part. (ECF No. 67.) On April 25, 2018, Plaintiff timely filed his objections. (ECF No. 70.) On August 17, 2018, after a *de novo* review of the case, the Court adopted the findings in full, entered judgment in favor of Defendant, and dismissed this action. (ECF No. 72.) Judgment was entered the same date. (ECF No. 73.)

　　　　Currently before the Court is Plaintiff's motion for reconsideration, filed September 28, 2018, which is more than 130 pages in length. (ECF No. 74.) Defendant filed an opposition on October 10, 2018. (ECF No. 75.) Plaintiff did not file a reply. The motion is deemed submitted.

1

Local Rule 230(l).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In his motion for reconsideration, Plaintiff primarily argues that the Court erred in granting summary judgment because the Court failed to fully address all of the potential claims raised in this action before addressing Defendant's motion for summary judgment. Specifically, Plaintiff contends that the Court never ruled on the alleged violations of his claims under the Eighth and Fourteenth Amendments or California state law. Plaintiff asserts that he has continuously raised these issues and claims throughout this litigation, and the Court has refused to address them.

Plaintiff's arguments are unpersuasive. As Plaintiff explains at length in his motion, he has repeatedly raised these same arguments throughout this litigation. Thus, it is apparent that the current motion merely restates the arguments presented previously, and does not show any "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion," as required by Local Rule 230(j). With respect to the argument that the Court neglected to address all potential claims raised in the complaint, the Court specifically held that a de novo review was conducted in the case, including a careful review of the entire file, in both the November 19, 2015 order allowing this case to proceed only on Plaintiff's retaliation claim, and

in the August 17, 2018 order granting Defendant's motion for summary judgment. (ECF Nos. 17, 72.) Both of those orders were issued following the filing of Plaintiff's objections to the Magistrate Judge's findings and recommendations, and Plaintiff has failed to provide any new evidence or argument that was not already considered by the Court in reviewing those objections. Therefore, Plaintiff has failed to set forth grounds entitling him to reconsideration of the Court's August 17, 2018 order.

Accordingly, Plaintiff's motion for reconsideration, (ECF No. 74) is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: **May 17, 2019**         /s/ Lawrence J. O'Neill
                              UNITED STATES CHIEF DISTRICT JUDGE