# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS, | Case No. 1:14-cv-01554-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO CERTIFY DENIAL OF MOTION FOR RECONSIDERATION |
| v. | |
| MOLINA, *et al.*, | (ECF No. 77) |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO PROCESS PLAINTIFF'S NOTICE OF APPEAL |

Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 5, 2018, the undersigned issued findings and recommendations that Plaintiff's motion for judgment on the pleadings be denied, Defendant Molina's motion for summary judgment be granted, and Defendant's motion to strike be granted in part. (ECF No. 67.) Plaintiff timely filed objections on April 25, 2018. (ECF No. 70.) On August 17, 2018, following a *de novo* review of the case, the District Judge adopted the findings and recommendations in full, entered judgment in favor of Defendant Molina, and dismissed this action. (ECF No. 72.) Judgment was entered accordingly the same date. (ECF No. 73.)

Plaintiff filed a motion for reconsideration on September 28, 2018, (ECF No. 74), which Defendant opposed on October 10, 2018, (ECF No. 75). Finding that Plaintiff failed to present

1

new evidence or argument not already considered by the Court in reviewing his objections to the Magistrate Judge's findings and recommendations, the motion was denied on May 17, 2019. (ECF No. 76.)

Currently before the Court is Plaintiff's "Motion to Certify Denial of Motion for Reconsideration," filed June 14, 2019. (ECF No. 77.) Though the motion is lengthy and difficult to understand, it appears Plaintiff may be requesting that the District Court issue some form of certification to either California Supreme Court or the Ninth Circuit Court of Appeals.

As to submitting a certification or question of California law to the California Supreme Court, Plaintiff may be referring to California Rule of Court 8.548. However, only "the United States Supreme Court, a United States Court of Appeals, or the court of last resort of any state, territory, or commonwealth" may submit such a request for decision. Cal. Rules of Ct. 8.548(a). To the extent Plaintiff requests such relief, this Court cannot grant it, and the request is denied.

As to the Ninth Circuit, to the extent Plaintiff is request a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b), Plaintiff is advised that while certificates of appealability are required in habeas corpus actions, they are not needed in a civil rights action pursuant to 42 U.S.C. § 1983, such as this one. This request is also denied.

Nevertheless, upon review of Plaintiff's motion, it appears that Plaintiff is primarily attempting to challenge the substance of the Court's judgment and order on his prior motion for reconsideration. As such, the Court finds it appropriate to construe the motion as a notice of appeal.

Accordingly, Plaintiff's motion to certify, (ECF No. 77), is DENIED. The Clerk of the Court is DIRECTED to process Plaintiff's filing of June 14, 2019 as a notice of appeal and to send a copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: **November 26, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE